March 15, 2004

The Honorable Joe Warner Bell
Trinity County Attorney
P.O. Box 979
Groveton, Texas 75845

Opinion No. GA-0166

Re: City council's authority to prohibit the use of the municipal jail as a holding facility for persons arrested by deputy constables for violations of state law (RQ-0115-GA)

Dear Mr. Bell:

You ask whether a city council of a Type A general-law municipality may prohibit the use of a municipal jail as a temporary holding facility for (1) a person arrested by a deputy constable for violating state law while the person waits to appear before a magistrate, or (2) a person arrested on a warrant for penal code offenses while the person arranges bond or waits to be transported to a county facility.[1]

You acknowledge that the answer to your question could be controlled by an interlocal agreement between a municipality and another jurisdiction. *See* Request Letter, *supra* note 1, at 2; *see also* TEX. GOV'T CODE ANN. §§ 791.001-.032 (Vernon 1994 & Supp. 2004) (concerning interlocal cooperation contracts). You contend that absent an interlocal agreement the city council may deny use of the municipal jail as a temporary holding facility for persons arrested by deputy constables for violations of state law. *See* Request Letter, *supra* note 1, at 2.

You have clarified that your request concerns Trinity, Texas, a Type A general-law municipality.[2] Local Government Code section 341.902 authorizes the governing body of a Type A municipality to build jails and promulgate necessary rules:

> (a) The governing body of a Type A general-law municipality may build and establish one or more jails inside or outside the municipality.

---

[1] *See* Letter from Honorable Joe Warner Bell, Trinity County Attorney, to Opinions Division, Office of Attorney General (Oct. 3, 2003) (on file with Opinion Committee) [hereinafter Request Letter]; Telephone Conversation with Honorable Joe Warner Bell (Jan. 28, 2004) [hereinafter Bell Conversation].

[2] Bell Conversation, *supra* note 1.

> (b) The governing body may adopt necessary rules and appoint necessary keepers or assistants for the jails.
>
> (c) Vagrants and disorderly persons may be confined in a jail on commitment by a municipal court judge. A person who fails or refuses to pay the fine or costs imposed for an offense may be confined in a jail.

TEX. LOC. GOV'T CODE ANN. § 341.902 (Vernon Supp. 2004). Subsection (c) authorizes using a municipal jail to confine vagrants, disorderly persons, and persons failing or refusing to pay their fines and costs, which are uses designed to address primarily local or municipal concerns. *See id.* § 341.902(c); *see also* TEX. GOV'T CODE ANN. § 21.002(c) (Vernon 2004) (authorizing municipal and justice courts to punish contempt by confinement in jail). However, the list of permissible jail uses in section 341.902(c) does not purport to be exclusive. *See* TEX. LOC. GOV'T CODE ANN. § 341.902(c) (Vernon Supp. 2004). Subsection (b)'s broad grant of rulemaking authority would allow the city council to promulgate "necessary" rules about municipal jail use, subject to any overriding requirements elsewhere in the law. *See id.* § 341.902(b). Consequently, we next consider whether the Code of Criminal Procedure, which specifies the duties of arresting officers, magistrates, and other officials upon a person's arrest, requires the municipal jail to be available for temporary detention under the circumstances you describe.

A constable or deputy constable is a peace officer with the authority and responsibility that office entails. *See* TEX. CODE CRIM. PROC. ANN. art. 2.12(2) (Vernon Supp. 2004); *Wilson v. State,* 36 S.W.2d 733, 734 (Tex. Crim. App. 1931). After arresting a person, a deputy constable or other lawful authority "shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have him taken before some magistrate of the county where the accused was arrested," or, as necessary, to the magistrate of a bordering county. TEX. CODE CRIM. PROC. ANN. art. 15.17(a) (Vernon Supp. 2004). Under the code, magistrates include certain state officials, county officials, and municipal officials such as mayors, recorders, and municipal court judges. *See id.* art. 2.09. When an arrested person is brought before a magistrate, the magistrate must perform a number of duties set out in article 15.17, such as providing constitutional warnings and admitting the person to bail as allowed. *See id.* art. 15.17(a)-(b).

The code does not specifically address detention while an arrested person waits to appear before a magistrate. Article 45.015 of the code provides generally that "[w]henever, by the provisions of this title, the peace officer is authorized to retain a defendant in custody, the peace officer may place the defendant in jail in accordance with this code or other law." *Id.* art. 45.015. Article 45.015 contemplates temporary detentions in jail, but does not attempt to specify the governmental unit or units that must take custody of an arrested person during such detentions.

Neither the courts nor this office has addressed whether a municipal jail must be available as a holding facility for persons arrested for state law violations. In the past this office has considered the converse of your question, whether a county has a duty under the code to accept persons arrested for violating municipal ordinances or persons arrested by city police officers for

violating state law. Article 2.18 of the code provides that "[w]hen a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff." *Id.* art. 2.18 (Vernon 1977). Based on article 2.18, this office has determined that a sheriff could not refuse to accept persons arrested by city police for state law violations and ordered committed to jail by a magistrate. *See* Tex. Att'y Gen. Op. No. DM-313 (1995) at 1, 3; *see also* Tex. Att'y Gen. Op. Nos. JC-0312 (2000) at 2 (a sheriff has the responsibility for a person arrested by a law enforcement agency other than the sheriff's department upon the issuance by a magistrate of a commitment order directing the sheriff to "'receive and place in jail the person so committed'") (quoting TEX. CODE CRIM. PROC. ANN. art. 16.20 (Vernon 1977)), JM-615 (1987) at 3-4 (county must accept custody of Board of Pardons and Paroles' prisoners pending a revocation hearing).

This office has concluded, however, that article 2.18 does not require a sheriff to take custody of persons arrested for violating purely municipal law. *See* Tex. Att'y Gen. Op. Nos. JM-1009 (1989) at 2, MW-52 (1979) at 2-3. The distinction rests in large measure on the lack of "a plain manifestation of the legislature's intent that a city may impose such a duty [to confine municipal law violators] on the sheriff and the county." Tex. Att'y Gen. Op. Nos. MW-52 (1979) at 2 (citing *Ex parte Ernest*, 136 S.W.2d 595, 597 (Tex. Crim. App. 1939)); *see also* JM-1009 (1989) at 2.

In Attorney General Opinion JM-151, this office determined that a sheriff may but is not required to take custody of a person arrested by city police for state law violations prior to appearance before a magistrate. *See* Tex. Att'y Gen. Op. No. JM-151 (1984) at 2. The opinion observed that no statute requires a sheriff to take custody of state law violators arrested by municipal police officers until, under article 2.18, the magistrate has issued a commitment order. *See id.*

Likewise, no statute requires municipal authorities to confine in municipal jail a person arrested by a deputy constable for violations of state law. The legislature has devoted considerable attention to the county sheriff's responsibilities and county confinement, and has provided for confinement in county jail of federal prisoners and prisoners of another county. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 351.001-.015 (Vernon 1999 & Supp. 2004) (concerning county jail facilities), .041(a) (Vernon 1999) (sheriff is keeper of county jail), .043-.044 (federal and out-of-county prisoners); TEX. CODE CRIM. PROC. ANN. art. 2.18 (Vernon 1977) (custody of prisoners). But no statute requires municipal authorities to confine in municipal jail a person arrested by a deputy constable for violations of state law while waiting to appear before a magistrate, to arrange bond, or to be transported to a county facility. Absent a clear manifestation of legislative intent in this regard, we believe that no court would infer such a duty. Consequently, we conclude that a city council, as the governing body under Local Government Code section 341.902, may promulgate rules prohibiting use of the municipal jail as a temporary holding facility for persons arrested by deputy constables for violations of state law. *See* TEX. LOC. GOV'T CODE ANN. § 341.902 (Vernon Supp. 2004).

## S U M M A R Y

A city council may prohibit the use of the municipal jail as a holding facility for persons arrested by deputy constables for state law violations while such persons wait to appear before a magistrate, to post bond, or to be transported to a county facility.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee